## SOLOMON COOK *versus* GODFREY RIDER.

In an action of trespass *qu. cl.* it appeared, that the *locus* was an unappropriated lot of land in Provincetown, and incapable of cultivation, and that the plaintiff entered thereon, drove down stakes, some of which were marked with the initial letters of his name, around the exterior lines of the lot, and erected salt-works on a portion of the land. It was *held*, that the plaintiff was entitled to judgment as against the defendant who subsequently entered on a part of the land so inclosed with stakes, if the plaintiff entered with the intention to take possession, claiming the land, and if the defendant knew, or might, with ordinary care, have known these facts, and if such mode of inclosing land so situated had been acquiesced in by the inhabitants of Provincetown, as giving a valid possession.

In such action, *evidence on the part of the plaintiff showing, that the driving stakes* in that manner was the usual mode of taking possession of unappropriated lands in Provincetown, situated like the land in question, and that such inclosure was acquiesced in by the inhabitants as a valid possession, was held admissible

TRESPASS *quare clausum*. The defendant pleaded soil and freehold in himself, in that part of the close described in the declaration, in which the trespass is alleged to have been committed ; and upon this plea issue was joined.

At the trial, before *Morton* J., the plaintiff proved that the close described in the declaration was a lot of land in Provincetown, which was incapable of cultivation ; that its exterior line was 90 rods in length ; that in 1824 he set up ten or twelve stakes around the lot ; that some of these stakes were marked with the initials of his name ; and that about the time when the stakes were set up, he erected salt-works in one corner of the lot staked out. It appeared, that the salt-works were separated from the other part of the close by a foot path, which had been a travelled path for a long series of years.

The defendant proved, that in 1829 he inclosed the land described in his plea, with a fence. This fence was afterwards partly destroyed by the plaintiff, who erected another fence against a certain part of the lot. The last mentioned fence the defendant took away, and this was the trespass complained of.

It did not appear at what time the stakes set up by the plaintiff were marked, though it was proved, that two or three were marked before the defendant erected his fence. Nor was there any evidence showing that the defendant had any

knowledge of the existence of these stakes, excepting that one of the persons employed by him in erecting the fence, testified, that he saw some stakes at the time. Two other persons, also employed by the defendant at the same time, testified, that they did not see any of the stakes.

The plaintiff offered evidence tending to show, that it was a usual mode of taking possession of unappropriated lands in Provincetown situated like the land in question, to drive stakes around it, in the manner that these stakes were driven by the plaintiff, and that such inclosure was acquiesced in by the inhabitants of that town, as a valid possession. The judge ruled, that the plaintiff might prove any *facts* upon this point, but not the *opinions* of the inhabitants.

If the Court should be of opinion, that upon these facts, the plaintiff could maintain the action, the defendant was to be defaulted ; otherwise the plaintiff was to become nonsuit ; unless the evidence rejected was admissible, in which case a new trial was to be granted.

*J.* and *T. Reed*, for the plaintiff.

*Marston*, *Warren*, and *C. J. Holmes*, for the defendant.

PUTNAM J. delivered the opinion of the Court. We think that this case must be sent to the jury, to ascertain the facts which are material for a right decision of it.

It appears that the land in controversy is in Provincetown, and incapable of cultivation ; and that it was unoccupied and lay waste, until these parties attempted to occupy it.

The plaintiff attempts to prove an entry by himself, and a staking out of the limits of the land in 1824, claiming to hold the same in fee, and that he has continued his claim and possession by keeping up the stakes around the exterior lines, and by building salt-works within a part of the lot so claimed, staked out and possessed.

The defendant pleaded that the soil and freehold belonged to him ; and would establish his right by his entry upon the land and building a fence around it.

The right of the parties therefore is to depend upon the question, which of them was the first occupant. What acts amount to a sufficient occupation, must depend upon the nature of the soil, and the uses to which it is to be applied.

Cook
*v.*
Rider.

*Oct 22d.*

*Oct. 24th.*

Cook
v.
Rider.

Enough must appear to show that the party claiming has entered upon the land and has indicated in some way the extent of his claim, and that the possession followed and was kept up according to the nature and situation of the property.

If the defendant had knowledge of the entry and claim, and taking of possession, of the plaintiff, it would seem to us to be very clear that the right of the plaintiff should not be disturbed by the subsequent entry of the defendant, he then having and claiming no other right than accrued to him by such entry and fencing.

Whether or not the defendant knew that the plaintiff had put or driven stakes around the land as indicating the extent of his possession and claim, would be a material fact, and should be settled by the jury, and not by the Court. If he did, the jury should be instructed that the entry of the defendant and building the fence on the land so before staked out, claimed and possessed by the plaintiff, would be a trespass.

, So the evidence offered by the plaintiff, to prove that such an inclosing with stakes has been acquiesced in as a valid possession, by the people of Provincetown, was relevant and competent.

The Court are of opinion, that the verdict shall be set aside, and that the case shall be sent to the jury, with instructions, that if the jury should find that the plaintiff did drive stakes around the land with intent to take possession, and that such inclosing has been acquiesced in as a valid possession, by the people of Provincetown, and that the plaintiff did enter and claim the same accordingly, before the defendant entered and built his fence, and that the defendant knew, *or by ordinary care might have known* those facts, then the verdict should be for the plaintiff; and that the mode usually practised by the people of Provincetown, touching the taking and continuing of possession, was competent and proper evidence for the consideration of the jury, in ascertaining the intent with which the acts of the plaintiff were done upon the premises.